UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN WASHINGTON,

        Plaintiff,

    v.                                Case No. 23-cv-298-bhl

WENDY LINCOLN, et al.,

        Defendants.

---

## SCREENING ORDER

---

    Plaintiff John Washington, who is currently serving a state prison sentence at the Racine Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. Washington paid the civil case filing fee in full on March 16, 2023. This matter comes before the Court for screening of the complaint.

### SCREENING OF THE COMPLAINT

    The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be

at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Washington is an inmate at the Racine Correctional Institution. Dkt. No. 1. Defendants are Wendy Lincoln, Sgt. Black, CPS Krueger, Sgt. Grau, Officer Shaw, and Capt. Wiegand. *Id*.

Washington has a chronic back injury, for which he received a long-term lower bunk restriction in May 2019. *Id*. at 3. In February 2020, Washington was housed in the segregation unit for 30 days, where he received a lower bunk. *Id*. at 2. He completed his time in segregation on February 28, 2020 and was supposed to move back to his lower bunk in cell 1211. *Id*. Instead, Washington was assigned to an upper bunk cell 1219. *Id*.

Between February 28, 2020 and June 23, 2020, he notified Lincoln, Black, Krueger, Grau, Shaw, and Wiegand numerous times about his need for a lower bunk due to his back pain. *Id*. at 3-6. He even presented a copy of his long-term lower bunk restriction ordered by medical staff. *Id*. The lower bunk restriction was also listed on the institution's computer system (WISC). *Id*. All of the individuals he notified ignored him and/or shifted the responsibility to someone else. *Id*. As a result, Washington has slipped and fallen off of his top bunk several times, including on March 2, 2020, when it exacerbated his back injury. *Id*. at 3-4. He states that, other times, his cellmate had to catch him to prevent him from serious injury. *Id*. For relief, Washington seeks monetary damages. *Id*. at 8.

## THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Washington asks to proceed on an Eighth Amendment deliberate indifference claim, a Fourteenth Amendment equal protection claim, and a state law negligence claim. Dkt. No. 1 at 8. To state an Eighth Amendment deliberate indifference claim, Washington must allege that Defendants: (1) knew of an objectively serious medical condition; and (2) were deliberately indifferent towards that medical condition by "not taking minimally competent steps to deal with that condition." *Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 427–28 (7th Cir. 2017)(citing *Estelle v. Gamble*, 429 U.S. 97 (1976); *Farmer v. Brennan*, 511 U.S. 825 (1994); *Petties v. Carter*, 836 F.3d 722 (7th Cir. 2016)).

3

Washington alleges that he told Lincoln, Black, Krueger, Grau, Shaw, and Wiegand numerous times that he had a lower bunk restriction for back pain. He states that he even showed them the medical order for the lower bunk restriction, but they refused to take actions to implement it, causing him to slip and fall on several different occasions between February 28, 2020 and June 23, 2023. Although Washington cannot demand that one individual at the institution do another individual's job, *see Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009), given the amount of time that passed and the number of times he complained, it is reasonable to infer that others who were notified about the issue should have taken the initiative to figure out why Washington was not allowed to have his medically necessary lower bunk restriction. Based on these allegations, the Court can reasonably infer that Lincoln, Black, Krueger, Grau, Shaw, and Wiegand may have been deliberately indifferent towards a serious medical need. The Court will also allow Washington to proceed on a supplemental state law negligence claim against them arising out of the same facts. *See* 28 U.S.C. 1367.

However, Washington does not have a Fourteenth Amendment equal protection claim. To state a claim, Washington must allege facts from which the Court can reasonably infer that defendants discriminated against him, *i.e.*, intentionally treated him differently than other similarly situation. *See Lisle v. Welborn*, 933 F.3d 705, 719–20 (7th Cir. 2019). Washington has not alleged any facts from which the Court can infer intentional discrimination. Washington cannot proceed with a Fourteenth Amendment equal protection claim.

## Conclusion

The Court finds that Washington may proceed on an Eighth Amendment deliberate indifference claim, along with a supplemental state law negligence claim, against Lincoln, Black, Krueger, Grau, Shaw, and Wiegand in connection with allegations that they failed to implement

4

his lower bunk restriction at the Racine Correctional Institution between February 2020 and June 2020, causing him to slip and fall on several different occasions.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of the complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on Lincoln, Black, Krueger, Grau, Shaw, and Wiegand.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Lincoln, Black, Krueger, Grau, Shaw, and Wiegand shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Plaintiff is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on July 25, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge