UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JOHN WASHINGTON,

        Plaintiff,

        v.                                  Case No. 23-cv-298-bhl

WENDY LINCOLN, et al.,

        Defendants.

## DECISION AND ORDER

Plaintiff John Washington, who is representing himself, is proceeding on an Eighth Amendment deliberate indifference claim, along with a supplemental state law negligence claim, in connection with allegations that Defendants Wendy Lincoln, Prentice Black, Robert Krueger, Aaron Grau, Lamonte Shaw, and Thomas Wiegand failed to implement his lower-bunk restriction at the Racine Correctional Institution between February 2020 and June 2020, causing him injuries. Dkt. Nos. 1 & 6. On December 4, 2023, Defendants filed a motion for *partial* summary judgment based on Washington's failure to exhaust administrative remedies as to Wiegand prior to bringing this lawsuit. Dkt. No. 21. Because the undisputed facts show that inmate complaint #RCI-2020-12684 properly exhausted administrative remedies as to Wiegand, the Court will deny the motion for partial summary judgment.

## UNDISPUTED FACTS

According to the complaint, since May 2019, Washington has had an active "lower-bunk" restriction for medical reasons. Dkt. No. 1. On February 4, 2020, Washington was sent to the Segregation Unit for 30 days discipline. *Id*. Later that month, on February 28, 2020, Washington

returned to general population in the Milwaukee Unit, where he was assigned an upper-bunk (instead of a lower-bunk). *Id*. Washington allegedly complained to all of the named defendants for months about his need for a lower-bunk, but no one addressed it. *Id*. As a result, Washington allegedly fell and injured himself numerous times between February 2020 and June 2020. *Id*.

Washington filed three inmate complaints in connection with his lower-bunk restriction. *See* Dkt. No. 24-2 & 24-3; *see also* Dkt. No. 26-1 at 21-27.

### 1. Washington's First Inmate Complaint: #RCI-2020-4604

On March 11, 2020, Washington filed inmate complaint #RCI-2020-4604, alleging:

> "The Sgt's + Staff refused to honor my bottom bunk restriction + placed me on the top bunk causing me to fall while getting out of the bunk + hurt my upper + lower back. I want compensation for my injuries."

Dkt. No. 24-2 at 12. Washington explained that the incident happened between February 28, 2020 and March 3, 2020 and primarily involved First and Second Shift staff. *Id*. In the inmate complaint, Washington mentioned that he talked to Krueger, Officer Shultz (not a defendant), and Ms. A (not a defendant) prior to filing the inmate complaint. *Id*.

The Institution Complaint Examiner (ICE) Leah Zeni reviewed the inmate complaint and recommended "affirming" it because Washington had an active bottom bunk restriction since 5/6/19 and "there was a 5-day delay" in moving him back to a lower bunk upon his return to Milwaukee Unit. *Id*. at 2-3. ICE Zeni noted that the inmate complaint involved "Milwaukee Unit staff" and identified HSU Brady (not a defendant), Sgt. Mayfield (not a defendant), Lincoln, Black, and Krueger as the individuals involved. *Id*. at 2.

### 2. Washington's Second Inmate Complaint: #RCI-2020-5764

On April 2, 2020, Washington filed inmate complaint #RCI-2020-5764, alleging:

2

> "Sgt. Lincoln intentionally violated policy by giving my cell + lower bunk up knowing that I got 30-days in seg creating a safety issue. I want her suspended + compensation."

Dkt. No. 24-3 at 12. Washington explained that, on February 4, 2020, he was taken to the Segregation Unit for a 30-day disposition. *Id*. On February 28, 2020, he returned to the Milwaukee Unit, where staff had improperly given his bottom bunk away, and he was placed in a top bunk. *Id*. Washington stated that he fell on March 2, 2020 and was finally moved on March 3, 2020, after complaints from medical staff. *Id*. Washington mentioned that he talked to Krueger, Capt. Laundervil (not a defendant), and M. Pearson (not a defendant) prior to filing the inmate complaint. *Id*.

ICE Zeni reviewed the inmate complaint and recommended "affirming" it because Lincoln did not hold Washington's bed assignment in accordance with RCI Handbook policy and his WICS Low Bunk restrictions. *Id*. at 2-3. She explained that page 31 of the RCI Handbook explicitly provided that receipt of "more" than 30 days disciplinary separation/program segregation resulted in loss of general population housing unit assignment, but Washington served less than 30 days. *Id*. ICE Zeni identified Lincoln and Krueger as the individuals involved. *Id*. at 2.

### 3. Washington's Third Inmate Complaint: #RCI-2020-12684

On July 17, 2020, Washington filed inmate complaint #RCI-2020-12684. *See* Dkt. No. 24-1 at 8. The Court does not have a copy of this inmate complaint, but the Inmate Complaint History Report provides the following description of the inmate complaint, "[S]tates Milwaukee Unit staff violated his bottom bunk restriction on 6/23/2020 by placing him on the top bunk in cell #1214." *Id*. The exhaustion documents associated with that inmate complaint note that the "persons contacted" prior to filing the inmate complaint were Grau and Wiegand. Dkt. No. 26-1 at 22. ICE Zeni reviewed the inmate complaint and recommended "affirming" it because "there was a 4-day

3

delay" in moving Washington to a lower-bunk on Milwaukee Unit following his return from Temporary Lockup (TLU). *Id*. at 22-23. ICE Zeni identified Sgt. Grau and Cpt. Wiegand as the individuals involved. *Id*. at 2.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Defendants assert that they are entitled to partial summary judgment as to Wiegand because Washington's first two inmate complaints (#RCI-2020-4604 & #RCI-2020-5764) did not mention him by name anywhere, so the ICE did not have adequate notice or opportunity to investigate the

4

claims against him. Dkt. No. 22. In response, Washington attached a copy of his third inmate complaint (#RCI-2020-12684), which he asserts exhausts administrative remedies against Wiegand. Because Washington's third inmate complaint shows he exhausted his administrative remedies against Wiegand, the Court will deny the motion for partial summary judgment.

Under the Prison Litigation Reform Act, "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). "The primary justification for requiring prisoners to exhaust administrative remedies is to give the prison an opportunity to address the problem *before* burdensome litigation is filed." *Chambers v. Sood,* 956 F.3d 979, 983 (7th Cir. 2020).

Wisconsin established the Inmate Complaint Review System (ICRS) to review inmate grievances. Wis. Admin. Code §DOC 310.05. Inmates must file an inmate complaint with the ICE within 14 days of the relevant occurrence. §DOC 310.07(2). The inmate complaint must provide enough facts to give defendants "notice of, and an opportunity to correct, a problem." *Price v. Friedrich*, 816 F. App'x 8, 10 (7th Cir. 2020) (quoting *Schillinger v. Kiley*, 954 F.3d 990, 995-96 (7th Cir. 2020)). The inmate "need not lay out the facts, articulate legal theories, or demand particular relief." *Strong v. David,* 297 F.3d 646, 649 (7th Cir. 2002). But the inmate complaint must "alert[] the prison to the nature of the wrong for which redress is sought." *Id.* at 650. An inmate that is dissatisfied with the ICE's decision must then appeal the decision all the way to the Office of the Secretary (OOS), whose decision is final. §DOC 310.13(1)-(3). Inmates are required to exhaust "all administrative remedies the department has promulgated by rule" before commencing a civil action. §DOC 310.05.

5

Washington's claim against Weigand involves his alleged failure to impose a lower bunk restriction in June 2020. Dkt. No. 1 at 5-6. Although the Court does not have a copy of Washington's third inmate complaint, the exhaustion documents associated with that inmate complaint, which Washington attached to his response materials, show that ICE Zeni understood his inmate complaint as asserting that Wiegand (along with Grau) violated Washington's bottom bunk restriction on 6/23/2020 following his return from TLU. *See* Dkt. No. 26-1 at 21-27. ICE Zeni indicates in her report that she spoke to both Grau and Wiegand to investigate their roles in the issue, and she recommended affirming the inmate complaint because there was a 4-day delay in moving him to a lower-bunk. *Id*. at 22-23. The exhaustion documents also show that Washington timely filed the inmate complaint in July 2020; and he properly appealed the inmate complaint all the way to OOS before filing this lawsuit. *Id*. at 24-27. Based on this undisputed record, the Court concludes that Washington exhausted his administrative remedies as to Weigand through inmate complaint #RCI-2020-12684. Accordingly, the Court will deny the motion for partial summary judgment.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's motion for partial summary judgment based on failure to exhaust administrative remedies (Dkt. No. 21) is **DENIED.**

Dated at Milwaukee, Wisconsin on February 20, 2024.

                                                                   s/ *Brett H. Ludwig*
                                                                   BRETT H. LUDWIG
                                                                   United States District Judge