UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JOHN WASHINGTON,

    Plaintiff,

  v.              Case No. 23-cv-298-bhl

WENDY LINCOLN, et al.,

    Defendants.

---

## DECISION AND ORDER

---

  Plaintiff John Washington, who is representing himself, is proceeding on an Eighth Amendment deliberate indifference claim, along with a supplemental state law negligence claim, relating to allegations that Wendy Lincoln, Prentice Black, Robert Krueger, Aaron Grau, Lamonte Shaw, and Thomas Wiegand failed to implement his lower bunk restriction at the Racine Correctional Institution between February 2020 and June 2020. Dkt. Nos. 1 & 6. On February 20, 2024, the Court denied Defendants' partial motion for summary judgment, rejecting their contention that Washington had failed to exhaust his administrative remedies before filing suit. Dkt. No. 27. One month later, on March 25, 2024, Defendants filed a motion for summary judgment, challenging Washington's claims on the merits. Dkt. No. 28.

  More than four and a half months have passed, and Washington still has not substantively responded to the motion. Rather than explaining why Defendants' arguments are wrong, Washington has repeatedly tried to put things off. *See* Dkt. Nos. 46-51. On April 15, 2024, he asked for an additional 60 days to respond. Dkt. No. 46. The Court granted his request, allowing him until July 1, 2024 to respond. Dkt. No. 47. On June 17, 2024, Washington again asked for

more time to respond and, the Court granted that request too, allowing him until August 1, 2024 to respond. Dkt. Nos. 48 & 49. On June 24, 2024, just days after the Court granted his second request for an extension, Washington filed a correspondence claiming that his response "was timely filed on June 17, 2024 per mailbox rule." Dkt. No. 50. In his letter, Washington suggests he delivered his response materials to the prison mail room, but a third shift sergeant failed to send it out because Washington lacked sufficient postage in his account. *Id*. He also accuses mail room staff of conspiring with "defendant Johnson" although there is no defendant named Johnson in this case. *Id*.[1] Most recently, on July 31, 2024, Washington filed another motion for extension of time, asking for an additional 120 days to respond to Defendants' summary judgment motion. Dkt. No. 51. He also asks for appointed counsel. *Id*. This latest filing says nothing about the allegations he made in his prior letter concerning mail room staff allegedly conspiring to prevent his legal filings or the status of his response materials that he previously told the Court were complete months ago, in June 2020. *Id*. Instead, he now claims that he needs more time to respond because he has been placed in segregation. *Id*.

The Court will deny Washington's latest request for an extension and his request for counsel and will proceed to decide Defendants' long-pending motion. Washington has not established "good cause" for yet another extension. *See* Fed. R. Civ. P. 6(B)(1)(A). Washington's June 24, 2024 correspondence suggests that he had already prepared response materials but was unable to send them to the Court because of his lack of funds for postage and/or mail room staff conspiring with individuals to prevent filings. Dkt. No. 50. Yet he now suggests he cannot respond because he is in segregation. Dkt. No. 51. Even if the Court were to ignore his June 24 version of

---

[1] The Court notes that Washington also has a different case before this Court, *see Washington v. Johnson*, case no. 23-cv-485-bhl, and it appears that he may be confusing or attempting to conflate the submissions he failed to timely file in his other case with the separate filings required for this case.

events, Washington does not explain why he has been unable to work on his response materials over the past four and a half months. He has had Defendants' materials since March and it was his responsibility to manage his time to enable him to respond. While he has had to respond to motions in this case and another that he also has pending, it was his decision to file both cases and he is not entitled to unlimited extensions of time. He's had ample time to litigate both cases. His barebones request for counsel must also be denied. Washington has not shown that he has made any efforts to secure counsel on his own and he has not explained why he believes this case is too "complex" for him to handle on his own. *See Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019). This case is not complex, and Washington would not need counsel to assist him at this stage. The facts needed to respond to Defendants' motion for summary judgment, are within his knowledge and he does not need the assistance of counsel to present these facts to the Court.

Moreover, having reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), it is clear granting Washington more time would be futile. Based on the proposed findings of fact submitted by Defendants and deemed true by the Court, no reasonable jury could conclude that Defendants were deliberately indifferent towards his need for a lower bunk restriction at the Racine Correctional Institution between February 2020 and June 2020. The undisputed evidence shows that four of the defendants -- Krueger, Grau, Shaw, and Wiegand -- were neither aware of nor personally responsible for implementing lower bunk restrictions at the institution. *See* Dkt. No. 30, ¶¶33-34, 47-52, 53-65, 66-70, 78-82, 91-106 & 107-113; *see also* Dkt. No. 44 at 14-16. This lack of personal knowledge and involvement is dispositive of Washington's claims against them. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) (noting that the personal-involvement requirement of § 1983 requires knowledge of the inmate's issue); *see Est. of Miller by Chassie v. Marberry*, 847 F.3d 425, 427 (7th Cir. 2017) (noting that

3

individuals at the institution who were not responsible for making bunk assignments were not liable under §1983 for other individuals' decisions, actions, or inactions in connection with the bunk assignments, even if Plaintiff had notified them about his need for a lower-bunk).

The record confirms the remaining defendants, Black and Lincoln, were responsive and not deliberately indifferent to Washington's situation. Black offered Washington the only available lower bunk in February 2020, but Washington rejected that lower bunk because he did not want to reside with a bisexual/transgender cellmate. Dkt. No. 30, ¶¶35-46 & 83-86. Similarly, Lincoln offered Washington a lower bunk within one day the first time he asked (March 3, 2020) and within three days the second time he asked (June 23, 2020). *Id*., ¶¶ 25-27 & 71-77. Based on these undisputed facts, no reasonable jury could conclude that Black or Lincoln were deliberately indifferent, and they are entitled to judgment as a matter of law on the Eighth Amendment claim. *See e.g., Williams v. Ramos*, 71 F.3d 1246, 1250-51 (7th Cir. 1995) (concluding that Plaintiff had no Eighth Amendment claim when he was offered, but rejected, a lower bunk because it was not on a unit he preferred living on); *see e.g., Blue v. Baenen*, 681 F. App'x 524, 525-26 (7th Cir. 2017) (concluding that Plaintiff had no Eighth Amendment claim when he was successful in receiving a lower-bunk restriction within two-weeks of asking for one).

Because Plaintiff's federal claims have failed, the Court will relinquish jurisdiction over any supplemental state law claims. *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) (noting that "when the federal claim in a case drops out before trial," a district court usually "relinquish[es] jurisdiction over any supplemental claim to the state courts.") Additionally, pursuant to Civil Local Rule 56(b)(9), the Court finds that Washington's failure to respond to Defendants' motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance.

4

**IT IS THEREFORE ORDERED** that Plaintiff's motion for extension of time and motion for appointment of counsel (Dkt. No. 51) are **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 28) is **GRANTED** and this case is **DISMISSED**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on August 22, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge